IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK FOREMAN, et al.,

     Plaintiffs,

  v.

CLEAR CHANNEL OUTDOOR, INC.,

     Defendant.
_____/

No. C 10-03853 CW

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Docket No. 18)

    Plaintiffs Mark Foreman, et al., plead ten claims against their former employer, Defendant Clear Channel Outdoor, Inc. Defendant moves to dismiss Plaintiffs' action. Plaintiffs oppose Defendant's motion as to only four of their claims. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court GRANTS Defendant's motion and GRANTS leave to amend.

BACKGROUND

    Plaintiffs, who are African-American, are former employees of Defendant. Their allegations focus solely on the actions of an unnamed "Hispanic supervisor," who they aver had the goal of replacing "all of the African American employees in his department with Hispanic and/or non-African American employees." First Am. Compl. (1AC) ¶ 14. In particular, they allege that the supervisor (1) imposed "different and more onerous policies" on African-

1  American employees; (2) did not permit African-American employees
2  "to take Defendant's trucks home at the end of the day," even
3  though he allowed Hispanic employees to do so; and (3) conducted
4  "surreptitious surveillance" on African-American employees "to
5  secure any colorable reason to terminate their employment so that
6  he could replace them with Hispanic and/or non-African American
7  employees," but did not conduct such observations of Hispanic
8  employees.  Id.  Plaintiffs claim that their employment was
9  terminated based on the unnamed supervisor's surveillance, которые
10 they allege to be "race-based."  Id.

11     Plaintiffs aver that the proffered reason for their discharge
12 was that they took breaks that violated Defendant's policies and
13 procedures.  They allege, however, that a previous supervisor had
14 approved of their breaks.  Plaintiffs plead that, after they were
15 discharged, the unnamed supervisor replaced them with "Hispanic
16 and/or non-African American employees."  Id.

17     Defendant moved to dismiss Plaintiffs' original complaint on
18 August 30, 2010.  The public version of Plaintiffs' opposition to
19 this motion consisted only of a caption page.  (Docket No. 14.)
20 However, Plaintiffs filed with the Magistrate Judge to whom this
21 case was initially assigned a brief opposition that contained a
22 single paragraph, in which they sought leave to amend.  Plaintiffs
23 did not respond substantively to Defendant's motion.

24     On October 1, 2010, the Court granted Defendant's motion to
25 dismiss, noting that Plaintiffs apparently had conceded that they
26 failed to state any of their claims.  The Court afforded Plaintiffs
27 leave to amend to cure the pleading deficiencies identified in

2

Defendant's motion. Plaintiffs filed their 1AC on October 14, 2010.[1]

Plaintiffs' 1AC contains ten claims: (1) harassment in violation of FEHA; (2) "discrimination in violation of FEHA;" (3) retaliation in violation of FEHA; (4) "wrongful discharge from harassment and discrimination;" (5) wrongful discharge in violation of public policy; (6) negligence; (7) "intentional or reckless or negligent infliction of severe emotional distress;" (8) breach of contract; (9) breach of the implied covenant of good faith and fair dealing; (10) "fraud and deceit (promise made without intention to perform)."

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.

---

[1] Plaintiffs' 1AC does not contain numbered lines, in violation of Civil L.R. 3-4(c)(1).

1  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009)
2  (citing Twombly, 550 U.S. at 555).

## DISCUSSION

Plaintiffs oppose Defendant's motion only as to their first, second, fourth and fifth causes of action.  Consequently, the Court grants Defendant's motion as to Plaintiffs' claims for retaliation in violation of FEHA, negligence, "intentional or reckless or negligent infliction of severe emotional distress," breach of contract, breach of the implied covenant of good faith and fair dealing and "fraud and deceit (promise made without intention to perform)."  Because Plaintiffs had an opportunity to amend their pleadings in support of these claims and now relinquish them in light of Defendant's second motion to dismiss, these claims are dismissed without leave to amend.

I.  Race-Based Harassment

To state a claim for race-based harassment under FEHA, a plaintiff must plead:  (1) that he or she was subjected to verbal or physical conduct of a racial nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment.  See Aquilar v. Avis Rent A Car Sys., Inc., 21 Cal. 4th 121, 129-31 (1999); Etter v. Veriflo Corp., 67 Cal. App. 457, 463-65 (1998).  Conduct that is "occasional, isolated, sporadic, or trivial" does not constitute actionable harassment.  Aquilar, 21 Cal. 4th at 131 (citation omitted).

Plaintiffs' allegations do not support a claim for race-based harassment.  Their pleadings provide no indication as to the

4

frequency or the intensity of the conduct and do not suggest that the alleged harassment was sufficiently severe or pervasive. Nor do Plaintiffs allege facts to suggest that the conditions of their employment were changed by their supervisor's decision to permit other employees to take vehicles home or to monitor them during their workday.

Indeed, these acts appear related to their claim for discrimination. Under FEHA, "the terms 'discriminate' and 'harass' appear in separate provisions and define distinct wrongs." Roby v. McKesson Corp., 47 Cal. 4th 686, 705 (2009) (citations omitted). Discrimination under FEHA pertains to "explicit changes in the 'terms, conditions, or privileges of employment.'" Id. at 706 (quoting Cal. Gov't Code § 12940(a) and emphasis omitted). In contrast, harassment under FEHA concerns "focuses on situations in which the social environment of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." Roby, 47 Cal. 4th at 706 (emphasis in original); see also Cal. Code Regs. tit. 2, § 7287.6(b)(1). Plaintiffs do not identify any verbal, physical or visual race-based harassment by their supervisor.

In its first motion to dismiss, Defendant asserted that Plaintiffs had failed to allege facts suggesting that they were subjected to sufficiently severe and pervasive conduct. The Court granted Plaintiffs leave to amend, and they failed to cure this deficiency.

Accordingly, Plaintiffs' claim for race-based harassment in violation of FEHA is dismissed without leave to amend.

5

II.  Race Discrimination

To state a claim for discrimination under FEHA, a plaintiff must allege: "(1) he was a member of a protected class, (2) he . . . was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, . . . and (4) some other circumstance suggests discriminatory motive." Guz v. Bechtel Nat'l Inc., 24 Cal. 4th 317, 355 (2000) (citation omitted).

An adverse employment action is one that "materially affects the terms, conditions, or privileges of employment." Jones v. Lodge at Torrey Pines P'ship, 42 Cal. 4th 1158, 1168 (2008) (citation and internal quotation marks omitted).  "A change that is merely contrary to the employee's interests or not to the employee's liking is insufficient." Malais v. L.A. City Fire Dep't, 150 Cal. App. 4th 350, 357 (2007) (citation and internal quotation marks omitted).  "The plaintiff must show the employer's . . . actions had a detrimental and substantial effect on the plaintiff's employment." Id. (citation and internal quotation marks omitted).

Plaintiffs' allegations satisfy the first, third and fourth elements of a FEHA discrimination claim: they allege membership in a protected class, that they were terminated and facts to suggest a discriminatory motive.  Their supervisor's alleged decision to permit non-African-American employees to drive Defendant's vehicles to their homes and the supervisor's alleged secret observations of Plaintiffs, however, do not constitute cognizable adverse employment actions.  Even if proved, these acts would not have

6

detrimentally and substantially impacted Plaintiffs' employment. These allegations of disparate treatment, although not sufficient to demonstrate adverse actions, may support an inference of discriminatory motive, along with Plaintiffs' claim that they were replaced with individuals outside of their protected class.

Plaintiffs' discrimination claim fails, however, because they do not plead that they competently performed their jobs. Defendant did not explicitly raise this deficiency in its first motion to dismiss.

Defendant argues that Plaintiffs cannot state a discrimination claim because they admitted that the reason they were terminated was that they took breaks in violation of its policies, which it maintains was a legitimate reason. Plaintiffs respond that this reason was pretext for race discrimination because, in the past, they had permission from their previous supervisor to take their breaks. However, even if such approval had been withdrawn, this would not constitute race discrimination. Plaintiffs do not plead that employees of other races were suspected of, but not investigated for, taking improper breaks or that such employees were allowed to continue to take breaks that violated Defendant's policies. In other words, Plaintiffs could not have suffered race discrimination unless, despite their competent performance notwithstanding their breaks, they were disciplined for a reason for which comparable employees of other races were not.

Accordingly, Plaintiffs' discrimination claim is dismissed with leave to amend to plead that they competently performed their jobs and that comparable employees of other races were not

7

disciplined for taking breaks that violated Defendant's policies. Plaintiffs may not base their discrimination claim on allegations that Defendant took adverse employment actions against them by precluding them from driving its vehicles to their homes and by observing them secretly.  If Defendant allowed Hispanic employees to take their trucks home but denied similarly situated Plaintiffs' requests to do so also, or secretly observed Plaintiffs but did not secretly observe similarly situated Hispanic employees, these allegations may support an inference of discriminatory intent.

III. Wrongful Discharge "Resulting From Harassment and Discrimination"

To support this cause of action, Plaintiffs allege race-based harassment and race, sex and age discrimination.  They also claim that their discharge violated public policy.

To the extent that this claim is based on race-based harassment, it fails for the same reasons that Plaintiffs' FEHA harassment claim fails.  Plaintiffs explain that their claim that Defendant discriminated against them on the basis of sex or age was included in error.  Finally, this claim duplicates Plaintiffs' fifth cause of action to the extent it is based on their allegations that unlawful discrimination caused them to be discharged and that this violated public policy.  Because Plaintiffs do not argue that the two claims differ materially, the Court dismisses this claim in lieu of their fifth cause of action.

For the foregoing reasons, this claim is dismissed without leave to amend.

IV. Wrongful Discharge in Violation of Public Policy

8

Under California law, an employee may maintain a tort cause of action against his or her employer when the employer's discharge of the employee contravenes fundamental public policy. Foley v. Interactive Data Corp., 47 Cal. 3d 654, 666 (1988). Such claims are often referred to as Tameny claims, after the decision in Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167, 176-177 (1980). A claim for wrongful termination in violation of public policy must be based on a fundamental policy established by a constitutional, statutory or regulatory provision. Green v. Ralee Eng'g Co., 19 Cal. 4th 66, 76, 90 (1998).

Plaintiffs' Tameny claim would be cognizable if they could successfully plead their claim for race discrimination under FEHA. As explained above, their FEHA race discrimination claim fails because they have not plead that they competently performed their jobs. Accordingly, so long as they can allege this fact truthfully, they will state a cognizable Tameny claim. This claim is dismissed with leave to amend

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion. (Docket No. 18.) Plaintiffs' claims for race-based harassment, retaliation in violation of FEHA, "wrongful discharge from harassment and discrimination," negligence, "intentional or reckless or negligent infliction of severe emotional distress," breach of contract, breach of the implied covenant of good faith and fair dealing and "fraud and deceit (promise made without intention to perform)" are dismissed without leave to amend. Plaintiffs' FEHA race discrimination claim is dismissed with leave

9

to amend to plead that they competently performed their jobs and that comparable employees of other races were not disciplined for the conduct that led to their discharge. So long as Plaintiffs truthfully do so, their <u>Tameny</u> claim will be cognizable.

Plaintiffs shall file their amended complaint within seven days of the date of this Order. They shall ensure that their amended pleading conforms to Civil L.R. 3-4. If they cure the deficiencies identified above, Defendant shall answer within fourteen days of the date Plaintiffs file their amended complaint. Alternatively, Defendant may file a motion to dismiss. If Defendant does so, Plaintiffs' opposition shall be due fourteen days after the motion is filed. Defendant's reply, if any, shall be due seven days after that. The motion will be taken under submission on the papers.

The case management conference, currently set for December 21, 2010, is continued to February 15, 2011 at 2:00 p.m.

IT IS SO ORDERED.

Dated: 12/7/2010

CLAUDIA WILKEN
United States District Judge

10