IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK FOREMAN, GEORGE MAZE, ROYCELLUS SMITH, JOHN MAZE and STEVEN A. LONG,

    Plaintiffs,

  v.

CLEAR CHANNEL OUTDOOR, INC.,

    Defendant.
_____/

No. C 10-03853 CW

ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Docket No. 27)

In their second amended complaint (2AC), Plaintiffs Mark Foreman, George Maze, Roycellus Smith, John Maze and Steven A. Long bring claims for unlawful discrimination based on race and wrongful termination against Defendant Clear Channel Outdoor, Inc. Defendant moves to dismiss Plaintiffs' 2AC. Plaintiffs oppose the motion. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court DENIES Defendant's motion.

BACKGROUND

Plaintiffs, who are African-American, are former employees of Defendant. They plead that they performed their jobs competently

at all times relevant to this action.

They allege that Servando Partita,[1] their supervisor at the time of their discharge, had the goal "to replace all of the African American employees in his department with Hispanic and/or non-African American employees." 2AC ¶ 15. In particular, they allege that Partita (1) imposed "different and more onerous policies and procedures" on African-American employees; (2) did not permit African-American employees "to take defendants' trucks home at the end of the day," even though he allowed Hispanic employees to do so; and (3) conducted "surreptitious surveillance" on African-American employees "to secure any colorable reason to terminate their employment so that he could replace them with Hispanic and/or non-African American employees," but did not conduct such observations of Hispanic employees. Id. ¶¶ 15-17. Plaintiffs claim that Partita terminated their employment based on his surveillance, which they allege to be "race-based." Id. ¶ 18.

Plaintiffs aver that the proffered reason for their discharge was that they took breaks that violated Defendant's policies and procedures. They allege, however, that their breaks were "not a violation of defendants' policies and procedures" and that their previous supervisor had approved of their breaks. Id. ¶ 19. They also aver that other non-African American employees took breaks similar to theirs, but that they were not "surreptitiously monitored." Id. Plaintiffs plead that, after they were

---

[1] In their 2AC, Plaintiffs alternate between the spelling "Partita" and "Partida." For the purposes of consistency, the Court adopts the first spelling.

2

discharged, Partita replaced them with "Hispanic and/or non-African American employees." Id. ¶ 20.

On December 7, 2010, the Court granted Defendant's motion to dismiss Plaintiffs' first amended complaint and afforded them leave to amend their claims for race discrimination, in violation of California's Fair Employment and Housing Act (FEHA); and wrongful termination.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

## DISCUSSION

I.  Race Discrimination

To state a claim for discrimination under FEHA, a plaintiff must allege: "(1) he was a member of a protected class,

3

(2) he . . . was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, . . . and (4) some other circumstance suggests discriminatory motive." Guz v. Bechtel Nat'l Inc., 24 Cal. 4th 317, 355 (2000) (citation omitted).

First, Defendant argues that Plaintiffs fail to state their discrimination claim because they do not plead specific facts to support their allegation that they performed their jobs competently. However, Defendant does not identify any authority requiring Plaintiffs to plead with such specificity. This factual allegation must be taken as true and is sufficient to support Plaintiffs' claim. Accordingly, this does not constitute a ground for dismissal.

Second, Defendant asserts that Plaintiffs have failed to plead facts to suggest a discriminatory motive. Plaintiffs allege that Partita imposed different policies and procedures on African-American employees and conducted secret surveillance only on African-American employees to procure a reason to terminate them. Plaintiffs also aver that, although they were terminated because their breaks purportedly violated Defendant's policies, these breaks in fact did not. Finally, Plaintiffs plead that non-African Americans took breaks similar to theirs, but were not surreptitiously monitored. Read together and taken as true, these allegations are sufficient to support an inference of discriminatory motive.

Defendant complains that the allegations contained in Plaintiffs' 2AC "are almost identical to the guidance the court

4

gave them in its prior ruling." Mot. 6. This does not, on its own, offend any legal rule. However, these allegations are subject to Plaintiffs' counsel's obligations under Federal Rule of Civil Procedure 11(b). If these factual contentions were not made in good faith and lack any evidentiary basis, sanctions may be imposed, either pursuant to motion or the Court's own initiative, under Rule 11(c).

Defendant also complains that Plaintiffs do not dispute its claims that "they were taking extended amounts of leisure time while on the clock." Id. 7. However, on a motion to dismiss, Plaintiffs have no burden to rebut Defendant's unsupported assertions. Further, Defendant has not submitted any evidence, nor has it suggested that the Court should convert its motion to dismiss into a motion for summary judgment. See Fed. R. Civ. P. 12(d).

Accordingly, Defendant's motion to dismiss Plaintiffs' discrimination claim is denied.

II. Wrongful Discharge in Violation of Public Policy

Under California law, an employee may maintain a tort cause of action against his or her employer when the employer's discharge of the employee contravenes fundamental public policy. Foley v. Interactive Data Corp., 47 Cal. 3d 654, 666 (1988). Such claims are often referred to as Tameny claims, after the decision in Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167, 176-177 (1980). A claim for wrongful termination in violation of public policy must be based on a fundamental policy established by a constitutional, statutory or regulatory provision. Green v. Ralee Eng'g Co., 19

5

Cal. 4th 66, 76, 90 (1998).

Because Plaintiffs have sufficiently plead that they were discharged on the basis of their race in violation of FEHA, they state a viable Tameny claim. Accordingly, the Court denies Defendant's motion to dismiss this claim.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss. (Docket No. 27.) Although Plaintiffs plead facts that closely mirror the guidance the Court offered in its Order of December 7, 2010, these allegations are subject to the obligations set forth in Rule 11(b). Thus, if Plaintiffs' factual contentions were not made in good faith and lack any evidentiary basis, sanctions may be imposed. Fed. R. Civ. P. 11(c). Defendant shall answer Plaintiffs' complaint within fourteen days of the date of this Order. Fed. R. Civ. P. 12(a)(4)(A).

A case management conference will be held on February 15, 2011 at 2:00 p.m.

IT IS SO ORDERED.

Dated: 1/31/2011

CLAUDIA WILKEN
United States District Judge